UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSHUA ROGERS,<br><br>                              Plaintiff,<br><br>-against-<br><br>KEVIN GATES; COLUMBIA MUSIC,<br><br>                              Defendants. | 24-CV-7077 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this *pro se* action, which the Court understands to be asserting tort claims under state law. Named as Defendants are Columbia Records and Kevin Gates. Plaintiff provides a New York, New York address for Columbia Records and an Atlanta, Georgia address for Gates. By order dated October 7, 2024, the Court granted Plaintiff's application to proceed *in forma pauperis*. For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the Northern District of Georgia.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that the events giving rise to his claims occurred in Atlanta, Georgia. He provides a New York, New York address for Columbia Records and an Atlanta, Georgia address for Gates. Because all defendants do not reside in the State of New York, and because the events giving rise to Plaintiff's claims occurred in Atlanta, from the face of the complaint, it is clear that venue is not proper in this District under Section 1391(b)(1), (2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in Atlanta, Georgia, which is in the Northern District of Georgia, Atlanta Division. *See* 28 U.S.C. § 90(a)(2). Accordingly, venue lies in the Northern District of Georgia, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the Northern District of Georgia, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of Georgia. A summons shall not issue from this court. This order closes this case in this court. The Clerk of Court is directed to terminate all pending motions.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 10, 2024
         New York, New York

  /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge
